## AT CHAMBERS, BEFORE CHIEF JUSTICE LEE.

### JOSEPH W. GREGORY vs. BENJAMIN F. HANNA.

Plaintiff's attorney must show his authority to bring the suit, if called upon to do so by the defendant or his attorney, previous to the impannelling of a jury to try, or the hearing of the case.

This is a motion to compel the counsel for the plaintiff to show their authority to bring this suit.

In opposition to the motion it is argued that the Court, where an attorney takes upon himself to prosecute a suit, should proceed as if he had sufficient authority, and leave the party, if the attorney does wrong, to his action against him.

We are aware that the English and many of the American authorities go far to sustain the doctrine contended for by the learned counsel opposed to the motion, but many of those decisions were made with great reluctance, and the Judges confessed that they followed the precedents of others rather than their own convictions of right. Here we are untrammeled by former rulings on this point, and let us go back and base our decision on first principles.

At common law a party could not appear and prosecute a suit, except in proper person, unless by the King's patent. Afterwards all suitors were permitted by statute to appear by attorney. This privilege is allowed by our statutes, but there is nothing contained in them to permit an attorney to appear for another without authority. As a general rule one man cannot properly act for, and bind another, without due authority for so doing, and I can see no reason why attorneys should be freed from the operation of this rule. If they have authority let them show it, and if not, then they have no right to bring suit. Cases have occurred where attorneys acting without authority have collected debts and made off with the money, and the plaintiffs have brought other suits for the same demands and recovered the debts over again, leaving the innocent defendant without any redress. But the learned counsel say, let the defendant if injured seek his redress against the attorney. This may be well enough in such a case as the present, where the counsel are all honorable and responsible men, but we must establish a rule, not for this case, but for all cases, and what is a defendant to do when an attorney is irresponsible or absents himself ? We are of the opinion that an attorney when called upon by the attorney of the other party, or by the court, to show his authority to sue, should do so, and that the motion in this case should be granted. But it will be asked how shall he show his authority ? We answer by producing a power of attorney, a written retainer, or by parol evidence to the satisfaction of the court, that he acts by the plaintiff's authority. Any act by the plaintiff clearly implying such authority in the attorney, or recognizing the suit, such as the plaintiff's making oath to the truth of the petition, or the possession by the attorney of the instrument upon which the action is based, if it be a contract with the plaintiff himself, will be sufficient.

The motion is granted, and the court hereby establish the following as a rule of practice.

*It is ordered* that every attorney shall, upon demand of the defendant or his attorney, produce his authority for bringing the suit, but such demand shall be of no avail, unless made previous to the empannelling of a jury to try, or the hearing of the case.